**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-80394-CV-MIDDLEBROOKS**
**MAGISTRATE JUDGE REID**

JOSE EDGARDO DIAZ,

      Petitioner,

v.

SEC'Y FLA. DEP'T OF CORR.,

      Respondent.

**REPORT OF MAGISTRATE JUDGE**

Petitioner, Jose Edgardo Diaz, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking his judgment of conviction in the Fifteenth Judicial Circuit of Florida, Palm Beach County in Case No. 2009CF005910A. [ECF No. 1]. For the reasons discussed below, the Petition should be **DENIED**.

**I.     Background**

A jury convicted Petitioner of first-degree murder with a firearm and the lesser-included offense of robbery. [ECF No. 10-2 at 140, 142[1]]. The trial court imposed life imprisonment on the first-degree murder charge and a concurrent 15-year sentence on the robbery charge. [*Id.* at 160-61]. Petitioner appealed. [*Id.* at 166]. On March 21, 2012, the Fourth District Court of Appeals ("Fourth District") affirmed without comment. [*Id.* at 230]. Petitioner did not seek review in the Florida or United States Supreme Court. [ECF No. 1 at 2].

On May 29, 2013, Petitioner filed a petition alleging ineffective assistance of appellate counsel in the Fourth District, [ECF No. 10-2 at 239; ECF No. 10-3 at 40]. The Fourth District

---

[1] All citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

denied the petition and denied rehearing on March 9, 2015. [*Id.* at 94, 103]. Meanwhile, on April 17, 2014, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. [*Id.* at 105]. The trial court denied the motion. [*Id.* at 194]. Petitioner appealed. [*Id.* at 197]. The Fourth District affirmed without comment, issuing its mandate on March 6, 2020. [*Id.* at 202].

Petitioner then timely filed this § 2254 Petition. [ECF No. 1]. Respondent filed a Response and supporting documentation. [ECF Nos. 10, 11]. [2] Petitioner did not file a reply, despite being informed of his right to do so. [ECF No. 5]. Thus, this case is now ripe for review.

## II.      Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] Respondent erroneously argues that the Petition is untimely based on a mistaken determination that Petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d) on April 20, 2012. [ECF No. 10 at 30-31 & n.3]. Because the Fourth District affirmed his conviction *without comment*, his judgment of conviction became final on June 19, 2012 (i.e., ninety days after the opinion was issued). *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (*per curiam*) ("The Florida appellate court affirmed [the defendant's] conviction on November 22, 2000, . . . . The one-year statute of limitations period began to run 90 days from [that] date, on February 20, 2001. . . ."). In *Chavers*, like here, the Fourth District affirmed in an *unelaborated* per curiam opinion. *Chavers v. State*, 773 So. 2d 555 (Fla. 4th DCA 2000) (table). Contrary to Respondent's contention here, [ECF No. 10 at 30-31 & n.3], the Florida Supreme Court lacks jurisdiction to review such silent affirmances. *See Stallworth v. Moore*, 827 So. 2d 974, 976-79 (Fla. 2002) (*per curiam*). Accordingly, in silently affirming petitioner's conviction, the Fourth District was a "court of last resort" under U.S. Sup. Ct. R. 13(1). *See Gilding v. Sec'y, Dep't of Corr.*, No. 6:10-CV-1727-ORL-31, 2012 WL 1883745, at *2 n.6 (M.D. Fla. May 22, 2012).

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015) (citations omitted). That is, "[a] state court's . . . determination of the facts is unreasonable only if no fairminded jurist could agree with the state court's determination . . . ." *Holsey v. Warden, Ga. Diag. Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (citations and quotation marks omitted).

Under § 2254(d), where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S.

3

Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.     Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey*, 694 F.3d at 1256, as well as the burden of proof under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

### IV.     Discussion

A.     <u>Claim One</u>

Petitioner contends that the trial court erred by refusing to give a special jury instruction that "mere presence at the scene is wholly insufficient to support a conviction." [ECF No. 1 at 4]. Allegedly, this "instruction[ was] vital to the defense to support the only theory of defense[--that

petitioner] was only present at the scene and did not participate in . . . the crime for which he was accused." [*Id.*]. Petitioner raised this claim on direct appeal. [ECF 10-2 at 184, 188]. The Fourth District affirmed without comment. [*Id.* at 230].

Claim one is unexhausted. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "A litigant wishing to [exhaust] a federal issue can easily . . . cit[e] . . . the federal source of law on which he relies or a case deciding such a claim on federal grounds, or [] simply label[] the claim 'federal.'" *Id.* at 32.

Here, Petitioner did not raise claim one in federal law terms or cite federal law to support it. Therefore, he did not "alert [the] state court[] to any [purported] federal claim[] to allow the state court[] an opportunity to review and correct the claimed violation[] of his federal rights." *See Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (*per curiam*) (citation omitted). Indeed, he did not even raise claim one on federal law grounds in his § 2254 Petition. Thus, claim one is unexhausted.

Claim one is also procedurally defaulted. *See Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 956-57 (11th Cir. 2016) (claim is procedurally defaulted on habeas review "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim[ ] procedurally barred" (citation omitted)). Petitioner cannot return to the Fourth District and exhaust this purported federal claim because he did not raise it in his initial brief. *See LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005); *Hernandez v. Jones*, No. 15-10184-CIV, 2017 WL 6558606, at *9 n.10 (S.D. Fla. Mar. 27, 2017) (citation omitted), *report and*

*recommendation adopted*, No. 15-10184-CIV, 2017 WL 6604570 (S.D. Fla. Oct. 24, 2017). Because claim one is unexhausted and procedurally defaulted, it must be dismissed.

B.      Claim Two

Petitioner next contends that the trial court violated due process by not polling the jury after one juror allegedly shook her head in a negative fashion when stating whether she agreed with the verdict. [ECF No. 1 at 6]. Petitioner raised a variant of this claim on direct appeal. [ECF No. 10-2 at 189-94]. The Fourth District affirmed without comment. [*Id.* at 230].

This claim is unexhausted and procedurally defaulted. In his appellant's brief, Petitioner raised this claim exclusively on state-law grounds and did not allege a federal due process violation. [ECF No. 10-2 at 182-83, 189-94]. He had alleged that the trial court had violated Fla. R. Crim. P. 3.440 by not granting "trial counsel's request for further inquiry of Ms. Bannister or return[ing] the jurors back to the jury room for further deliberations." [ECF No. 10-2 at 9]. True, Petitioner's brief contained a citation to *United States v. Fiorilla*, 850 F.2d 172, 174 (3d Cir. 1988). However, the citation is conclusory and states simply that "[t]he appellate standard of review [on this claim] would be an abuse of discretion." [*Id.* at 190]. Furthermore, *Fiorilla* was not decided on federal constitutional grounds. *See* 850 F.2d at 177 ("While it may generally be preferable to immediately [conduct] a poll and return the jury for further deliberations once a dissent is noted, we find no abuse of discretion in the course taken here."). Accordingly, Petitioner did not "alert [the] state court[] to [this purported] federal claim[] to allow the state court[] an opportunity to review and correct the claimed violation[] of his federal rights." *See Jimenez*, 481 F.3d at 1342. As such, this claim is procedurally defaulted for the same reasons as claim one and should be dismissed.

C.      Claim Three

Here, Petitioner contends that trial counsel ineffectively failed to submit at a suppression hearing a search warrant application in which an officer allegedly falsely stated that codefendant Jorge Flores lived in a trailer that the officers searched and found incriminating evidence. [ECF No. 1 at 7-8]. Had counsel done so, "there is a reasonable probability that the case would have been reversed on appeal" because the Fourth District would have been able to "review it for error or for an abuse of discretion by the Trial Court." [*Id.* at 8]. Petitioner raised this claim in his 3.850 motion. [ECF No. 10-3 at 107-11]. The trial court rejected it, reasoning that "sufficient evidence established that the trailer was under the custody and control of Jorge Flores, [and] thus law enforcement officers did not include a false statement in the affidavit for search warrant." [*Id.* at 165, 194]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim. The suppression hearing transcript reasonably supports its finding that the evidence submitted at the hearing was sufficient to establish that the trailer was under the custody and control of Flores. *Compare* [*id.* at 9-12 (relevant portions of suppression hearing transcript)], *with* [*id.* at 89-92 (search warrant application)]. That one of the officers who executed the application was not *positively certain* that the trailer was under the custody and control of Flores, without more, is insufficient to vitiate the reasonableness of the trial court's finding. *See* [ECF No. 1 at 8]; *see also* [ECF No. 11-1 (Officer Oliver's testifying at the suppression hearing that Flores was "definitely in the [curtilage] of the trailer")]. Thus, the trial court reasonably concluded that Petitioner could not show deficiency or prejudice on this claim. *See* [ECF No. 10-3 at 165]; *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014) (failure to raise meritless claim not prejudicial under *Strickland*); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." (citation omitted)).

7

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

D.      Claim Four

Petitioner next contends that trial counsel ineffectively failed to move to suppress certain evidence on the ground that the police entered the trailer and seized it before obtaining a search warrant. [ECF No. 1 at 9]. Petitioner raised this claim in his 3.850 motion. [ECF No. 10-3 at 112-13]. The trial court rejected it on the ground that "counsel did in fact move to suppress the evidence in question, and . . . that the evidence was not seized prior to the issuance of a search warrant." [*Id.* at 168, 194]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim because the record supports its findings. *See* [ECF No. 10-2 at 29; ECF No. 11-1 at 75-77]. Petitioner's conclusory allegations are insufficient to show otherwise. *See* [ECF No. 1 at 9]; *see also Pinholster*, 563 U.S. at 181; *Holsey*, 694 F.3d at 1256. Thus, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts and this claim should be denied.

E.      Claim Five

Fifth, Petitioner contends that trial counsel failed to preserve for appeal the prosecutor's use of peremptory challenges to eliminate only black jurors. [ECF No. 1 at 10]. In support, he contends that, although counsel "did bring to the attention of the Court that it seemed that the State was relying on their peremptory strikes only to remove black jurors, [counsel] failed to lodge a proper objection to preserve the issue for appeal." [*Id.* at 11]. Petitioner appears to reason that counsel failed to "object to the removal of Ms. Hutchins [from] the perspective jury panel." [*Id.*].

8

He adds that the prosecutor's reason for using a peremptory challenge on her is pretextual. [*Id.*]. Petitioner raised this claim in his 3.850 motion. [ECF No. 10-3 at 116]. The trial court rejected it, holding that he could not show prejudice. [*Id.* at 169-71, 194]. This was because: (1) a claim on ineffective assistance of trial counsel considers the prejudice at trial and petitioner failed to show a reasonable probability that, had counsel raised a contemporaneous objection, Mrs. Hutchins "would have been seated and the outcome would have been different"; and (2) the record showed that the reasons for striking Hutchins were not pretextual. [*Id.* at 169-71]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim. Petitioner has not alleged, much less shown, that, had counsel objected as he alleges, there is a reasonable probability that the outcome at trial would have been different. *See Kormondy v. Sec'y, Fla. Dep't of Corr.*, 688 F.3d 1244, 1274 (11th Cir. 2012) ("The prejudice prong requires the petitioner to establish a reasonable probability that, but for counsel's errors, the *outcome at trial* would have been different." (emphasis added) (citation omitted)).

Furthermore, the record supports the trial court's finding that the reasons for striking Ms. Hutchins were not pretextual. The prosecutor provided race-neutral reasons for her dismissal. [ECF No. 10-2 at 170-71 (citations omitted)]. Petitioner has not alleged that the nonstricken nonblack jurors were "similarly situated" to Ms. Hutchins. *See Walls v. Buss*, 658 F.3d 1274, 1282 (11th Cir. 2011). Furthermore, the prosecutor also struck a black juror. [ECF No. 10-3 at 171 (citation omitted)]; *see also Eagle v. Linahan*, 279 F.3d 926, 942 (11th Cir. 2001) (stating that the "presence of blacks on the jury" is a "significant," albeit nondispositive, consideration when evaluating a claim of racial discrimination under *Batson v. Kentucky*, 476 U.S. 79 (1991)). Because the state courts' rejection of this claim was not contrary to, or an unreasonable application of,

clearly established federal law or an unreasonable determination of the facts, this claim should be denied.

F.      Claim Six

Petitioner next argues that counsel deficiently failed to move to exclude the admission of a 9mm cartridge and casing found in the trailer. [ECF No. 1 at 12]. Petitioner contends that these items "had absolutely no evidentiary value against [him]." [*Id.*] Their admission prejudiced him because the prosecutor "relied on the casing and the cartridge . . . throughout the trial," partly to prove that he shot the victim and "picked up the casing after the shooting" and took it to the trailer. [*Id.*]. Petitioner raised this argument in his 3.850 motion. [ECF No. 10-3 at 116-19]. The trial court rejected it on the ground that the evidence was admissible and, therefore, the court would have denied any motion to exclude it. [*Id.* at 171-74, 194]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim. Its determination that the evidence was admissible under Florida law binds this habeas court. *See, e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Chamblee v. Florida*, 905 F.3d 1192, 1196-98 (11th Cir. 2018). Furthermore, the record supports the admissibility of the evidence because a witness testified that petitioner told him "that a 9mm with a 30-round clip was used." [ECF No. 11-2 at 1007]. Likewise, the firearms examiner testified that a 9mm projectile could have caused the victim's cranial gunshot wound. [*Id.* at 696]. Thus, counsel reasonably could have concluded that the trial court would have denied a motion to exclude this evidence. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." (collecting cases)).

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

G.      Claim Seven

Petitioner contends that trial counsel ineffectively failed to obtain a DNA expert, who would have been able to prove that the state's DNA evidence linking him to the victim's keychain and a 9mm casing was inadmissible "junk science." [ECF No. 1 at 14]. Petitioner raised this claim in his 3.850 motion. [ECF No. 10-3 at 119-24]. The trial court held that he did not show deficiency or prejudice, partly because it was speculative that a DNA expert would have provided favorable testimony. [*Id.* at 177, 179, 194]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim. Petitioner's allegations that a DNA expert would have provided helpful evidence or testimony is speculative, which is an insufficient basis for relief under *Strickland*. *See Holt v. Sec'y, Fla. Dep't of Corr.*, 489 F. App'x 336, 338 (11th Cir. 2012) (*per curiam*) ("Where ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because 'often allegations of what a witness would have testified to are largely speculative.'" (quoting *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006))). That alleged fact that the initial tests of the state's DNA expert excluded him as a contributor of DNA to the keychain, without more, does not support a reasonable inference that a DNA expert would have been able to discredit the test that included him. *See* [ECF No. 1 at 14]; *cf. Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) ("Speculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation.").

11

Furthermore, as the trial court found, "counsel thoroughly challenged the State's DNA evidence." [ECF No. 10-3 at 178]; *see also, e.g.*, [ECF No. 11-2 at 1292-93 (counsel's challenging the weight of the state's DNA evidence during closing argument)]. Counsel reasonably could have concluded that the more sound strategy was to challenge the weight of the state's DNA evidence instead of having a DNA expert provide unhelpful, and potentially counterproductive, testimony. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."); *see also* [ECF No. 10-3 (trial court's finding that certain DNA testing "would have been uniformly unfavorable to [petitioner]")].

The state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. As such, this claim should be denied.

H.     Claim Eight

Petitioner contends that trial counsel ineffectively failed to call Jose Martinez as a witness. [ECF No. 1 at 15]. Martinez allegedly would have testified that "he found and picked up … a 9mm round and casing [found] in the trashcan in [petitioner's] bedroom … on the side of the road." [*Id.*]. This allegedly would have shown that Petitioner "was not the shooter alleging to have kept the round and the casing from the scene" and that "the 9mm round and casing were not materially connected to the case." [*Id.* at 16]. Petitioner raised this claim in his 3.850 motion. [ECF No. 10-3 at 124-26]. The trial court rejected it, holding that he failed to show deficiency. [*Id.* at 179-81, 194]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim. The trial court found, and Petitioner concedes here, [ECF No. 1 at 15], that counsel deposed Martinez. Thus, the record supports the

trial court's determination that counsel made a reasonable strategic decision not to call Martinez as a witness. *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]"); *see also Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*) ("Which witnesses, if any, to call . . . is the epitome of a strategic decision, and it is one that [the Eleventh Circuit] will seldom, if ever, second guess."). In short, there is a reasonable argument that counsel did not deficiently fail to call Martinez as a witness. As such, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts and the claim should be denied.

I.      Claim Nine

Petitioner contends that counsel ineffectively failed to object to allegedly "confusing and circular jury instructions" on first-degree felony murder that allegedly "negated the sole defense of [Petitioner's] mere presence at the scene." [ECF No. 1 at 17]; *see also* [ECF No. 11-2 at 1194-95 (trial court's instruction on first-degree felony murder)]. Petitioner raised this claim in his 3.850 motion. [ECF No. 10-3 at 126-27]. The trial court rejected it, reasoning that "the record conclusively refutes [Petitioner's] claim that the jury instruction was improper." [*Id.* at 50-52, 183, 194]. The Fourth District affirmed without comment. [*Id.* at 202].

Here, the trial court reasonably rejected this claim. The trial court found that the instruction was proper under Florida law, and this determination binds this habeas court. *See, e.g., Richey*, 546 U.S. at 76; *Chamblee*, 905 F.3d at 1196-98; *see also Badagliacca v. Sec'y, Dep't of Corr.*, No. 1:09-CV-152-MMP-GRJ, 2012 WL 4477938, at *16 (N.D. Fla. Aug. 7, 2012) (reviewing essentially the same instruction and concluding that it "track[ed] the standard instruction and [was] clear as to what elements must be proved to find [the] Petitioner guilty of felony murder"). Thus,

there is a reasonable argument that counsel did not deficiently fail to object to this instruction. *See Pinkney*, 876 F.3d at 1297. The state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts and the claim should be denied.

J.      Claim Ten

Petitioner contends that the cumulative effect of counsel's alleged "errors and omissions denied [him] a fair trial." [ECF No. 1 at 17]. Assuming this claim is cognizable under § 2254, it "clearly fails in light of the absence of any individual errors to accumulate." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 n.3 (11th Cir. 2012). Thus, this claim should be denied.

## V.      Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing [under § 2254]."); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318 (11th Cir. 2016) (petitioner not entitled to evidentiary hearing under § 2254 if fails to allege "enough specific facts that, if they were true, would warrant relief").

## VI.      Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, in view of the entire record, a certificate of appealability should be denied. If Petitioner disagrees, he may so argue to the District Judge in objections to this Report.

### VII.    Recommendations

As discussed above, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DENIED**; that no certificate of appealability issue; that final judgment be entered; and that the case be closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 30th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE


cc:     Jose Edgardo Diaz
        B08352
        South Bay Correctional Facility
        Inmate Mail/Parcels
        600 U S Highway 27 South
        South Bay, FL 33493-2233
        PRO SE

        Allen R. Geesey
        Office of the Attorney General
        Criminal Appeals
        1515 North Flagler Drive
        Suite 900
        West Palm Beach, FL 33401
        561-837-5000
        Fax: 837-5099
        Email: allen.geesey@myfloridalegal.com

        Noticing 2254 SAG Broward and North
        Email: CrimAppWPB@MyFloridaLegal.com

16